# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Docket No. 3:03CV00701 (JBA) |
| VS. | : | |
| PATRICK TRIUMPH, et al., | : | |
| Defendants. | : | January 30, 2004 |

## GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

The Government, through its undersigned attorney, hereby files its motion for summary judgment pursuant to Fed.R.Civ.P. 56. Based upon the reasons articulated in the Government's accompanying memorandum in support of motion for summary judgment, the Government respectfully requests that this motion be granted and that judgment enter in its favor, and against the defendant Asset Financial Group, LLC.

                                        Respectfully submitted,

                                        Kevin J. O'Connor
                                        United States Attorney

                                        Christine Sciarrino
                                        Assistant United States Attorney
                                        P.O. Box 1824
                                        New Haven, CT   06510
                                        (203) 821-3780
                                        Federal No. CT3393

CERTIFICATION

      This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 30th day of January, 2004, to:

M. Hatcher Norris, Esq.
254 Prospect Avenue
Hartford, CT   06106-2041

Patrick A. Triumph
Town and Country Realty, LLC
c/o Clerk, United States District Court
141 Church Street
New Haven, CT   06510

Town and Country Realty, LLC
c/o Christine Triumph
95 Woodland Avenue
Bloomfield, CT 06002

Robert J. Percy, Esq.
Siegel, O'Connor, Schiff & Zangari
150 Trumbull Street
Hartford, CT   06103

Thomas Belsky
Assistant Federal Public Defender
Two Whitney Avenue
Suite 300
New Haven, CT   06510

 

_____
Christine Sciarrino

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Docket No. 3:03CV00701 (JBA) |
| VS. | : | |
| PATRICK TRIUMPH, et al., | : | |
| Defendants. | : | January 30, 2004 |

GOVERNMENT'S MEMORANDUM IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT

The Government, through its undersigned attorney, hereby files its memorandum in support of motion for summary judgment, seeking judgment pursuant to Fed.R.Civ.P. 56(c). Based upon the following reasons, the Government respectfully contends that summary judgment is appropriate, and that the Government's motion for summary judgment should be granted.

I. *Standard for Summary Judgment*

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "The duty of the court is to determine whether there are issues to be tried; in making that determination, the court is to draw all factual inferences in favor of the party against whom summary judgment is sought, viewing the factual assertions in materials such as affidavits, exhibits, and depositions in the light most favorable to the party opposing the

motion." *Rodriguez v. City of New York*, 72 F.3d 1051, 1060-61 (2d Cir. 1995)(citations omitted). "A District Court must resolve any factual issues of controversy in favor of the non-moving party," *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990), mindful that "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Perrelli v. Burke*, 2003 WL 23100172, at *3 (D.Conn. Dec. 30, 2003), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

Rule 56(c) provides that "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

II. *Argument*

The defendant[1], Asset Financial Group, LLC's Answer raised no defenses and either admitted or denied the Government's allegations, or left the Government to its proof.[2] This case

---

[1] Filed simultaneously herewith is a Request for Default concerning defendants Patrick A. Triumph and Town & Country Realty, LLC, which failed to respond to this action.

[2] Counsel for defendant Asset Financial Group, LLC, indicated at a December 9, 2003 pre-filing conference with this Court that in the event the Government sought summary judgment, it would stipulate to the entry of judgment. Counsel for Asset Financial Group, LLC has advised undersigned counsel on several occasions that Asset Financial Group, LLC does not contest the merits of the Government's allegations.

is a fraudulent conveyance action brought pursuant to the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3001, et seq., and in particular 28 U.S.C. § 3304, et seq. The Government has alleged that defendant Town & Country Realty, LLC fraudulently issued a mortgage to defendant Asset Financial Group, LLC, within the meaning of 28 U.S.C. § 3304(b)(2). The Government further seeks to have the mortgage from defendant Town & Country Realty, LLC to defendant Asset Financial Group, LLC be declared void pursuant to 28 U.S.C. § 3306(a)(1).

Default judgment should enter in favor of the Government with respect to its claim that defendant Town & Country Realty, LLC conducted a fraudulent conveyance, by virtue of the defaults entering against defendants Patrick A. Triumph and Town & Country Realty, LLC. Thus, the only potential remaining issue is whether the Government is entitled to the relief it seeks as a result of Town & Country Realty, LLC's fraudulent conveyance. Specifically, whether the Government is entitled to a declaration that the mortgage from Town & Country Realty, LLC to Asset Financial Group, LLC is void. Despite the fact that a fraudulent conveyance occurred, the subject mortgage may not be voidable pursuant to 28 U.S.C. § 3307(a) if Asset Financial Group, LLC is able to prove two factors. First, Asset Financial Group, LLC must show that it was a good faith transferee; and second, must also show that the transfer was based upon a "reasonably equivalent value".

As previously noted, defendant Asset Financial Group, LLC has failed to raise any defense, and thus has failed to make any showing as required by 28 U.S.C. § 3307(a). Even assuming however, that Asset Financial Group, LLC did raise a good faith transferee defense, such a defense must nevertheless fail as a matter of law.

3

The execution of the mortgage by Town & Country Realty, LLC and the recording of it on the subject property cannot be characterized as a "good faith" transaction, since it satisfies all the indicia of a fraudulent conveyance, as set forth at 28 U.S.C. § 3304(2). The indicia include that (1) the transaction, or transfer[3] was between insiders[4]; (2) Town & Country Realty, LLC and Christine Triumph retained control over the subject property; (3) the transfer was not disclosed to the Government, despite the terms of the Agreement to Forfeit Property executed by Christine Triumph which required disclosure; (4) the signators to the Agreement to Forfeit Property knew, or should have known of their payment obligations to the Government as sureties, pursuant to the terms of the Agreement; (5) the subject real property was a substantial asset of the surety, Town & Country Realty, LLC; (6) Patrick Triumph absconded and became a fugitive from justice, and Christine Triumph has not communicated with the Government, and may in fact, no longer reside in Connecticut; (7) there was no exchange of "reasonably equivalent value" between the parties to the mortgage; (8) Town & Country Realty, LLC became nearly insolvent by virtue of the encumbrances recorded on the subject property, including the mortgage to Asset Financial Group, LLC; (9) the execution of the Agreement to Forfeit Property and the transfer by Town & Country Realty, LLC occurred within a relatively short period of time. Furthermore, the Agreement to Forfeit Property specifically provided that Town & Country Realty, LLC "will not alienate, further encumber, or otherwise wilfully impair the value of [its] interest in the

---

[3]Town & Country Realty, LLC's giving of a mortgage to Asset Financial Group, LLC falls with the FDCPA's meaning of a "transfer". <u>See</u> 28 U.S.C. § 3301(6).

[4]The individuals, Patrick, Christine and Granville Triumph, and the businesses, Town & Country Realty, LLC and Asset Financial Group, LLC all meet the definition of "insiders" under the FDCPA. <u>See</u> 28 U.S.C. § 3301.

4

property"; and (10) Town & Country Realty, LLC transferred its interest in an essential asset to Asset Financial Group, LLC, through Granville Triumph, an insider.

All of the indicia above establish a showing of "actual intent to hinder, delay, or defraud [the United States]" pursuant to 28 U.S.C. § 3304. This showing, combined with this Court's entry of default as to Town & Country Realty, LLC, leads to the conclusion at law that a fraudulent conveyance has occurred. The determination that a fraudulent conveyance has occurred, in turn, prevents Asset Financial Group, LLC, (an "insider" of the participants of the fraudulent conveyance) from claiming that it was a good faith transferee. Since Asset Financial Group, LLC can not meet the first factor of 28 U.S.C. § 3307 (*i.e.* Asset Financial Group, LLC was a good faith transferee), the mortgage given to it from Town & Country Realty, LLC is voidable.

Furthermore, Asset Financial Group, LLC also fails to meet the second factor of 28 U.S.C. § 3307, requiring that the transfer was for "a reasonably equivalent value". In this matter, Christine Triumph executed on November 12, 2002 a mortgage deed on behalf of Town & Country Realty, LLC to Asset Financial Group, LLC "to secure payment of $150,000.00", with a final maturity date of November 15, 2003. *See* Exhibit B to the Government's Complaint.

The only evidence that could possibly suggest that any value at all was exchanged in consideration of the mortgage are copies of 66 money orders and personal checks issued by Granville Triumph and provided to the Government during discovery in this litigation. The checks and money orders were issued on various dates during the time period of July, 2001 to April, 2003. If Asset Financial Group, LLC were to claim (which it has not) that the 66 checks

5

and money orders were "reasonably equivalent value" for the mortgage, such a claim would fail based upon the following reasons. First, some of the checks and money orders were issued more than a year *prior* to the mortgage ever being executed. Second, none of the 66 payments were made payable to Town & Country, LLC[5] and similarly, none of the payments were drawn from an account maintained by Asset Financial Group, LLC.

Nevertheless, viewing all facts in a light most favorable to Asset Financial Group, LLC, and assuming that Asset Financial Group, LLC could show that all 66 money orders and checks were negotiated in exchange for the mortgage; the 66 payments totaled only $68,428.00-- well below the $150,000.00 mortgage given by Town & Country Realty, LLC. Thus, Town & Country Realty, LLC never did receive "reasonably equivalent value" from Asset Financial Group, LLC. Therefore, the second factor required by 28 U.S.C. § 3307(a) has also not been met.

III. *Conclusion*

Based upon the reasons articulated above, the Government should prevail upon its fraudulent conveyance claim against the defendants. Further, the Government is entitled not only to the entry of summary judgment (and default judgments), but also the underlying remedy it seeks in its complaint. Namely, that the mortgage deed dated November 12, 2002 and recorded November 13, 2002 on the Bloomfield Land Records at Volume 1002 at Page 282, a

---

[5] Thirty four money orders totaling $27,715.00 were issued by Granville Triumph between August, 2002 and April, 2003, and were payable to Christine Triumph. The remaining personal checks were drawn from a checking account maintained by Granville Triumph, individually. All of the personal checks were payable to various individuals and entities, including for example, a check made payable to Purdue University.

mortgage from Town & Country Realty, LLC to Asset Financial Group, LLC in the original amount of $150,000.00 be declared null and void.

                                                                     Respectfully submitted,

                                                                     Kevin J. O'Connor
                                                                     United States Attorney

                                                                     Christine Sciarrino
                                                                     Assistant United States Attorney
                                                                     P.O. Box 1824
                                                                     New Haven, CT   06510
                                                                     (203) 821-3780
                                                                     Federal No. CT3393

CERTIFICATION

      This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 30th day of January, 2004, to:

M. Hatcher Norris, Esq.
254 Prospect Avenue
Hartford, CT   06106-2041

Patrick A. Triumph
Town and Country Realty, LLC
c/o Clerk, United States District Court
141 Church Street
New Haven, CT   06510

Town and Country Realty, LLC
c/o Christine Triumph
95 Woodland Avenue
Bloomfield, CT 06002

Robert J. Percy, Esq.
Siegel, O'Connor, Schiff & Zangari
150 Trumbull Street
Hartford, CT   06103

Thomas Belsky
Assistant Federal Public Defender
Two Whitney Avenue
Suite 300
New Haven, CT   06510

                                                                           _____
                                                                           Christine Sciarrino

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Docket No. 3:03CV00701 (JBA) |
| VS. | : | |
| PATRICK TRIUMPH, et al., | : | |
| Defendants. | : | January 30, 2004 |

GOVERNMENT'S LOCAL RULE 56(a)1 STATEMENT

The Government hereby files its recitation of material facts in accordance with this District's Local Rule 56.

1. On or about April 4, 2002, defendant Patrick Triumph and his wife, Christine Triumph, acting on behalf of defendant Town and Country Realty, LLC, executed an Agreement to Forfeit Property in connection with a criminal case styled *United States v. Patrick A. Triumph*, Docket number 3:02CR81 (JBA).  (*See* Exhibit A to Complaint).

2. The Agreement to Forfeit Property provided for the posting of real property located at 756 Park Avenue, Bloomfield, Connecticut by defendant Town and Country Realty, LLC to secure the appearance of Patrick A. Triumph in his criminal case.  (*See* Exhibit A to Complaint).

3. Defendants Patrick Triumph and Christine Triumph, on behalf of defendant Town and Country Realty, LLC represented in the Agreement to Forfeit Property that the subject property was not subject to any liens, encumbrances or claims of right or ownership as of April 4, 2002. (*See* Exhibit A to Complaint).

4. The Agreement to Forfeit Property further provided that defendants Patrick A. Triumph and Town and Country Realty, LLC "will not alienate, further encumber, or otherwise willfully impair the value of my/our interest in the property." (*See* Exhibit A to Complaint).

5. On or about July 12, 2002, defendant Patrick A. Triumph failed to appear before the Court in violation of the Order Setting Conditions of Release and Appearance Bond. *See* docket for case number 3:02CR81 (JBA).

6. The Agreement to Forfeit Property further provided in relevant part that if Patrick Triumph failed to appear in his criminal case as ordered by the Court, then "the property described in this agreement shall immediately be forfeited to the United States". (*See* Exhibit A to Complaint).

7. On or about November 13, 2002, defendant Town and Country Realty, LLC gave a mortgage deed to defendant Asset Financial Group, LLC in the amount of $150,000.00 in violation of the terms of the Agreement to Forfeit Property. (*See* Exhibit B to Complaint).

8. Asset Financial Group, LLC is a Connecticut corporation. Granville Triumph, who is Patrick Triumph's brother and Christine Triumph's brother-in-law, is the agent, and sole member of defendant Asset Financial Group, LLC. (Exhibit A).

9. On March 11, 2003, based upon Patrick Triumph's failure to appear before the District Court, the Government filed in criminal case number 3:02CR81 (JBA) its motion for decree of forfeiture, and its motion for declaration of forfeiture, default judgment and enforcement. *See* docket for case number 3:02CR81 (JBA).

10. On March 13, 2003, the District Court granted the Government's motion for decree of forfeiture; and entered a separate judgment, defaulting all persons with right, title and interest

2

in the subject real property located at 756 Park Avenue, Bloomfield, Connecticut. *See* docket for case number 3:02CR81 (JBA).

    11.   On April 17, 2003, the Government commenced this fraudulent conveyance action for the purpose of clearing title to the subject property and having declared void the mortgage given by defendant Christine Triumph to defendant Asset Financial Group, LLC. *See* Complaint.

                                    Respectfully submitted,

                                    Kevin J. O'Connor
                                    United States Attorney


                                    Christine Sciarrino
                                    Assistant United States Attorney
                                    P.O. Box 1824
                                    New Haven, CT   06510
                                    (203) 821-3780
                                    Federal No. CT3393

CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 30th day of January, 2004, to:

M. Hatcher Norris, Esq.
254 Prospect Avenue
Hartford, CT  06106-2041

Patrick A. Triumph
Town and Country Realty, LLC
c/o Clerk, United States District Court
141 Church Street
New Haven, CT  06510

Town and Country Realty, LLC
c/o Christine Triumph
95 Woodland Avenue
Bloomfield, CT 06002

Robert J. Percy, Esq.
Siegel, O'Connor, Schiff & Zangari
150 Trumbull Street
Hartford, CT  06103

Thomas Belsky
Assistant Federal Public Defender
Two Whitney Avenue
Suite 300
New Haven, CT  06510

_____
Christine Sciarrino

<u>                                                            EXHIBIT A</u>

*CONNECTICUT SECRETARY OF STATE*

**THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY**

**CERTIFICATION CAN ONLY BE OBTAINED THROUGH THE ISSUING GOVERNMENT AGENCY**

CONNECTICUT SECRETARY OF STATE

**Company Name:** ASSET FINANCIAL GROUP LLC

**Business Address:**

    756 PARK AVENUE

    BLOOMFIELD, CT 06002

**Type:** LIMITED LIABILITY COMPANY

**Status:** ACTIVE

**Filing Date:** 11/13/2002

**Registered Agent:** GRANVILLE TRIUMPH

**Registered Office:**

>756 PARK AVE
>
>BLOOMFIELD, CT 06002

**Members, Managers, Partners:**

>GRANVILLE TRIUMPH
>
>545 8TH AVE; FLR 15
>
>NEW YORK, NY 10018
>
>MEMBER

**Internal Number:** 731498

**Annual Report:**

Date Due: 11/13/2003

**History:**

File Date: 11/13/2002

Type: MISCELLANEOUS

Comments: CERTIFICATE OF ORGANIZATION